FILED
MAY 2 1 2008
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50056-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TAD OLDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**NATURE AND PROCEDURE OF THE CASE**

On May 23, 2007, defendant was charged by indictment with the crimes of Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153 and Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On October 3, 2007, defendant appeared before this Court and entered a plea of guilty to the crime of Brandishing a Firearm During a Crime of Violence as charged in Count II of the indictment. A sentencing hearing was held on December 18, 2007, and defendant was sentenced to a term of incarceration of seven years. The judgment of conviction was entered that same day. Defendant did not appeal his conviction.

On April 10, 2008, defendant commenced this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, prosecutorial misconduct, and that his plea of guilty was involuntary. It is this petition that is currently pending before the Court.

## DISCUSSION

Defendant first alleges that his counsel was ineffective in that she did not "challenge the unlawful search and seizure of [his] home on the day of his arrest, and failed to investigate the possibility of suppression of the evidence. To prove ineffective assistance of counsel, "defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Defendant must also prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068.

The Court first notes that defendant's "failure to assert any objections to counsel's performance at his change of plea hearing 'refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea.'" United States v. Hughes, 16 F.3d 949, 951 (8th Cir. 1994).

> THE COURT: How have you gotten along with your counsel, Ms. Colbath?
>
> THE DEFENDANT: Pretty good, sir.
>
> THE COURT: Are you telling me that you are satisfied with counsel's representation of you?
>
> THE DEFENDANT: Yes, sir.

Transcript of Change of Plea Hearing, October 3, 2007 (Transcript), p. 3, ln. 18-23.

Second, the evidence against defendant as to the crimes of Assault with a Dangerous Weapon and Brandishing a Firearm During the Commission of a Crime of Violence was supported by a detailed statement of facts to which the defendant agreed.

> THE COURT: Now, there's also a statement of facts contained in the file. It's entitled "Factual Basis Statement." That factual basis is the document that forms the basis for the Court to accept your plea. Have you read that statement of factual basis?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is that what happened?
>
> THE DEFENDANT: Yes, sir.

Transcript, p. 7, ln. 11-18. The statement of factual basis, to which defendant admitted, and the presentence investigation report, to which defendant did not object, and defendant's amended petition for writ of habeas corpus, all indicate that defendant aimed a loaded firearm at the chest of a tribal police officer. Assuming for the moment that counsel's performance was deficient, it is highly unlikely that the outcome of the proceeding would have resulted in any manner other than a finding of guilt. As a result, the Court concludes that defendant has not proven that he received ineffective assistance of counsel.

Defendant also additionally alleges prosecutorial misconduct arising out of a threat by the prosecutor to charge him with additional crimes arising out of his possession of controlled substances at the time of his arrest for this assault. Defendant alleges that such statements constituted coercion on the part of the prosecutor. He also asserts that his own counsel coerced him when she reiterated the prosecutor's statements to him. "'To

constitute fear and coercion on a plea "[p]etitioner must show that he was subjected to threats or promises of illegitimate action"...." United States v. Goodman, 590 F.2d 705 (8th Cir. 1979).

In United States v. Goodman, 590 F.2d 705, 707, 711 (8th Cir. 1979), the defendant alleged that his plea of guilty was made under duress as the result of the government's threat of filing notice for an enhanced sentence pursuant to statute. The Eighth Circuit held that the allegation was "without merit," as the government "was entirely within its right [to avail] itself of" the law. Id. at 711. Likewise, it was not inappropriate for the prosecutor to indicate potential prosecution for controlled substances found in defendant's possession.

Defendant admits in his petition that he was in possession of controlled substances. Despite defendant's protestations that the narcotics in his possession were merely "personal use amounts," such possession constitutes a violation of federal law which may be prosecuted. This was not a threat of illegitimate action. As a result, the Court finds that there was no prosecutorial misconduct as a result of this "threat." Furthermore, the Court finds that it was not coercive for either defendant's counsel or the prosecutor to explain that defendant could face further prosecution for other crimes if an agreement was not reached.

Moreover, the plea transcript indicates that defendant understood the nature of the charges against him and the potential penalty. He indicated that he was fully satisfied with counsel. Transcript, p. 3, ln. 18-23. He indicated that he had sufficient time to review and discuss the plea agreement with his counsel. Id., p. 5, ln. 13-15. He also verified that there

were no other promises or assurances other than those outlined in the plea agreement. Id., p. 5, ln. 16-20. The Court also thoroughly reviewed defendant's constitutional right to persist in his plea of not guilty. Id., p. 8-9. Only after the review, defendant entered a plea of guilty to the charge.

The Eighth Circuit has held that "'[t]he representations of a defendant at a guilty plea hearing constitute a formidable, although not insurmountable, barrier in any subsequent collateral proceeding.'" United States v. Unger, 635 F.2d 688, 691-92 (8th Cir. 1980) (quoting United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980)). Moreover, "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient." Unger, 635 F.2d at 692 (citing Lambros, 614 F.2d at 181). Defendant's statements at the plea hearing, under oath, indicate that his plea was knowing and voluntary. Defendant has failed to show otherwise. Accordingly, it is hereby

ORDERED that defendant's petition for writ of habeas corpus (Docket #52) is denied.

Dated this 21st day of May, 2008.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE